James E. RICE

v.

The UNITED STATES.

No. 89–68.

United States Court of Claims.

July 15, 1970.

tions to prepare and file his opinion on the issues of plaintiff's motion and defendant's cross-motion for summary judgment under the order of reference and Rule 166(c). The commissioner has done so in an opinion and report filed on April 14, 1970, wherein such facts as are necessary to the opinion are set forth. Plaintiff filed a request for review by the court and the case has been submitted to the court on oral argument of counsel and the briefs filed before the trial commissioner. Since the court agrees with the opinion and recommended conclusion of the trial commissioner, with a slight modification in the conclusion, it hereby adopts the same, as modified, as the basis for its judgment in this case as hereinafter set forth. Therefore, plaintiff is entitled to recover only to the extent of the $240 allowed by the Board and not contested by defendant.* Plaintiff's motion for summary judgment is granted only to the extent of said $240 not contested by defendant, defendant's cross-motion for summary judgment is granted except to the extent of the said $240, and judgment is entered for plaintiff in the sum of $240 with plaintiff's petition otherwise dismissed.

Francis J. Steiner, Jr., Nashville, Tenn., attorney of record, for plaintiff.

Thomas W. Petersen, Washington, D. C., with whom was Asst. Atty. Gen. William D. Ruckelshaus, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

## ON PLAINTIFF'S MOTION AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

PER CURIAM:

This case was referred to Trial Commissioner David Schwartz with direc-

## OPINION OF COMMISSIONER

SCHWARTZ, Commissioner: The dispute between the parties concerns price adjustments under plaintiff's three contracts with the Navy for mess cleaning services in installations in and near Norfolk, Virginia, during an 8-month period in 1965–66. The disposition of cross-motions for summary judgment requires a review, pursuant to the Wunderlich Act, 41 U.S.C. §§ 321, 322, of the decision of the dispute by the Armed Services Board of Contract Appeals. [68–1 BCA ¶ 6732]

■ In the first count, plaintiff contends that the Board misinterpreted the contract clause which governs adjustments in case of a decrease in the num-

---

* See page 12 of defendant's cross-motion and brief, filed April 3, 1969, and page 5 of defendant's reply brief, filed June 16, 1969.

ber of meals served. The clause, identical in the three contracts, provided that in the event of an increase or decrease, by more than 25 percent, in the scheduled number of meals served in any month in the mess in which plaintiff performed cleaning services, "either party may request an adjustment of the contract price" for that month, in a prescribed amount. The full text of the clause, Section 2.1d, was as follows:

> In the event that there is an increase or decrease in the total number of meals served per month that varies from the estimated monthly total specified in Schedule A, dated 20 April 1965, by more than 25%, either party may request an adjustment of the contract price. This adjustment shall consist of a fixed sum to be paid for the number of meals in excess of the estimated monthly total plus 25% or a fixed sum to be deducted for the number of meals below the estimated monthly total less 25% computed as follows:
>
> > Divide the total monthly bid price by the estimated total number of meals per month in Schedule A, dated 20 April 1965, and multiply by .6.
>
> This adjustment will be made only on a monthly basis and daily fluctuations will not be considered except as they affect the monthly total.

A decrease in meals or more than 25 percent took place, and the Government, believing itself therefore entitled to a price adjustment downwards, deducted from the payments due to plaintiff the sum of $10,836.84, computed in accordance with the contract formula. The computation is concededly correct, if the underlying interpretation of the price adjustment clause is correct.

Plaintiff urges that under a proper interpretation of the clause an adjustment is permissive or discretionary and may not be taken automatically or unilaterally and that adjustments are proper only where changes in the number of meals affect the contractor's costs. The whole purpose of the clause, according to plaintiff, is to adjust to any increases and decreases in the contractor's cost on changes in the number of meals, and since there were no decreases in costs, and he performed the contracts at a loss, there should be no adjustment. The Government's position is that under the contract language the right to an adjustment, computed in accordance with the contract, follows automatically on any increase or decrease in meals of more than 25 percent.

The Board held, as urged by the Government, that the operation of the clause, on the occurrence of the stated variation in meals served, is neither contingent, permissive nor discretionary. It followed that the factual claims concerning plaintiff's costs and losses were not material. Nevertheless, the Board found plaintiff's proof insufficient, and declined to make findings of the facts alleged by plaintiff.

Plaintiff's theory that an adjustment is permissive or discretionary does not explain who gives the permission or exercises the discretion or where authority is lodged if the parties, each acting in simple self-interest, cannot agree. On a "request" by one party for a price adjustment, it could not be that the refusal by the other party ends the matter.

Plaintiff also has difficulties with a source for the standards to govern any discretionary disposition of a request for an adjustment. The standard proposed is that a request is proper if the variation in meals served has significantly affected costs of operation and improper if there has been no change in costs. Such a standard may be rational enough in itself, but it has no support in the text of the contract, and it would be strange if it were part of this contract, which so precisely prescribes the amount of the adjustment, on the stated change in the number of meals.

Plaintiff's challenge to the decision is largely based on the words "may request." A party who may make a request for an adjustment, the argument begins, may possibly *not* make a request.

That is, the right to make a request presupposes the right to waive a request, and, says plaintiff, the clause is therefore not automatic. To this point, the argument could be granted without effect in this case. The fact is that the contracting officer did not waive an adjustment, even if he were authorized to do so. It is safe to postpone, until the case arises, decision on the authority of a contracting officer to purport to waive the right to a price adjustment downwards. In the instant case, as the Board said, "the contracting officer did so much request the adjustment, that he helped himself to it."

Plaintiff continues by urging that the word "request" necessarily implies that the thing requested may as a matter of discretion be granted or denied. The word "request" does generally connote asking or soliciting, in response to which assent or permission may or may not be given, as a matter of discretion. In any particular context, however, it is always possible that a "request" is in fact grounded on right or authority and is meant and is to be understood as the polite equivalent of a command or a demand. Many a "request" is made in the law where a "demand" could as easily be made, as in stockholders' requests for corporate action, grounded on by-laws or articles of incorporation, requests by claimants for legal relief, and those testators' requests to their executors and trustees which by reason of the intention of the testator are held to be mandatory and not precatory. For the interpretation of such a word as "request," the context and intention are more meaningful that the dictionary definition.

When the context is studied, it becomes apparent that price adjustments are inevitably mandatory and nondiscretionary. The right to "request" an adjustment arises on a crisply stated condition: "the event that there is an increase or decrease in the total number of meals by more than 25%." No discretion is involved. When a request for an adjustment is made, its amount is determined by a mathematical formula explicitly set out in the contract. Again there is no discretion and no room for the operation of discretion.

The rigorous structure of the clause is entirely inconsistent with intended discretion; had discretion been intended, the framework of the clause would have been much different. Compare United States v. Pickett's Food Service, 360 F.2d 338 (5th Cir. 1966), where the contract provided that on a 30 percent variation in meals served, the contractor and contracting officer would negotiate a price adjustment in the manner provided in the Changes clause of the contract.

In the instant clause, the only suggestion of a discretionary feature is in the word "request." When considered with the nondiscretionary nature of both the right to an adjustment and the manner of computation of its amount, the word must be taken as meaning a request founded on right, to which the maker becomes entitled automatically and without intervention of a discretion. In a word, "request" is to be understood as "demand" for purposes of the problem here presented. Since study of the clause as a whole resolves the ambiguity in the word "request," there is no basis for the invocation of canons of construction based upon ambiguities in Government-drafted contracts. Keco Industries, Inc. v. United States, 364 F.2d 838, 842–843, 176 Ct.Cl. 983, 990–999, (1966), cert. denied, 386 U.S. 958, 87 S.Ct. 1027, 18 L.Ed.2d 105 (1967); N. Fiorito Co., Inc. v. United States, 416 F.2d 1284, 1288, 189 Ct.Cl. 215, 222 (1969).

The Board's interpretation of the clause is held to have been correct, and is adopted.

An alternative ground for the Board's decision was that plaintiff failed to prove the facts required, under his interpretation of the clause, for a denial of the price adjustment claimed by the Government. The Board declined to make findings of fact that the decrease in the number of meals served did not cause a decrease in plaintiff's costs or that he lost money on the contracts. To upset

this decision, plaintiff must here demonstrate that the evidence was such as compellingly required findings in his favor. Koppers Co. v. United States, 405 F.2d 554, 558–559, 186 Ct.Cl. 142, 147–151 (1968).

■ Plaintiff cannot meet the heavy burden. The proof consists only of two sentences in his affidavit: "He [plaintiff] was not able to reduce his expenses any significant amount when the number of meals was reduced," and "He performed the three contracts at a net loss on each with the total loss being $19,125.-17." Another affidavit, attached to plaintiff's brief on the instant motion, was stricken on motion by the Government. The review in this court of a Board decision takes place on the record made before the Board. United States v. Carlo Bianchi & Co., 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963).

■■ The Board was not required to accept an affidavit it deemed to be nonpersuasive, merely because it was uncontradicted. Joseph Sternberger v. United States, 401 F.2d 1012, 1015–1016, 185 Ct. Cl. 528, 533–536 (1968); Electronic and Missile Facilities, Inc. v. United States, 416 F.2d 1345, 1354, 189 Ct.Cl. 237, 251 (1969). The affidavit could reasonably have been thought nonpersuasive on the ground of its brevity and lack of specificity. The subject matter—costs, expenses, losses—is appropriately proven by books and records rather than by conclusory assertions without supporting detail and not open to cross-examination. Specifically, the word "significant" deprives the first sentence of what little weight it might otherwise have. Such a word, not accompanied by the underlying figures, substitutes for the facts the self-serving conclusion of an interested party. As for the second sentence, the Board could reasonably have thought that the plaintiff's losses were of little materiality, even if the affidavit were accepted as proof of the fact. Operating losses may be the product of inefficiency or an improvident bid. They have no necessary bearing on a price adjustment designed,

plaintiff claimed, to recapture decreased costs. The Board's refusal to find is thus unassailable, and provides a second ground on which to sustain its decision.

■ The second count of the petition challenges as inadequate an award by the Board of $240 as an appropriate equitable adjustment for extra work ordered by the Government under one of plaintiff's three contracts. The contract required the cleaning of the dining room area, each man's mess gear, dishwashing and cooking equipment and lavatories. Plaintiff was ordered to service an additional dining room area of 1,020 square feet, or approximately 10 percent of the original contract area of 9,750 square feet. Though there had been no increase in the work other than the cleaning of the dining room area, the plaintiff asked for an approximately 10 percent increase in the contract price, or $800 for each of the 4 months for which the work was done, on the ground that the work required extra time equivalent to one employee per shift or 16 man-hours per day. The basis of the Board's award of a total of $240 is that the extra time required to clean the additional dining area was 10 percent of the 4 man-hours per meal or 12 man-hours per day actually required to clean the original contract dining area.

Again, as in the first count, plaintiff does not meet the burden imposed on those who would reverse Board findings of fact. Plaintiff's proof before the Board consisted of the third and last sentence in his affidavit: "Under contract N189–59847A the extra work required the equivalent of one employee per shift or sixteen man-hours per day which with indirect charges amounted to additional expenses of $800.00 per month."

■ On the one hand, as already noted, the Board could reasonably have disregarded such an affidavit. On the other, there is evidence supporting the Board's findings. Navy memoranda in the record support the computation of the adjustment awarded by the Board. These memoranda are unsworn and in the

law of evidence are doubtless hearsay, but plaintiff cannot complain, for he consented to disposition on the record and on his affidavit, equally hearsay.

### CONCLUSION

Upon the foregoing opinion and report, the court concludes that plaintiff is entitled to recover only to the extent of the $240 allowed by the Board and not contested by defendant. Therefore, plaintiff's motion for summary judgment is granted only to the extent of said $240 not contested by defendant, defendant's cross-motion for summary judgment is granted except to the extent of the said $240, and judgment is entered for plaintiff in the sum of the $240 with plaintiff's petition otherwise dismissed.