"In this case, which is before the court on the parties’ cross-motions for summary judgment, plaintiff seeks Wun-derlich Act review of a decision rendered by the Armed Services Board of Contract Appeals, which held that plaintiff was not entitled to price adjustments for the deletion of two items of work.
"Plaintiff was awarded a contract which obligated it to furnish at Fort Rucker, Alabama, kitchen police and supplies at four dining facilities. The contract provided that the government reserved the right to delete up to two dining facilities and to use the unit price in the bidding schedule to arrive at the amount of the decrease in the contract price. Schedule E of the contract also provided that during the contract, meals served might vary 10,000 per month at all dining facilities without affecting the contract price, and that any decrease or increase more than 10,000 meals served in any month would constitute a decrease or increase at the rate of $.04 per meal served. Plaintiff was experienced in the performance of mess hall contracts, having had some 150 such contracts over a period of 10 years.
"As authorized by the contract, the government deleted the box lunch facility and both parties signed an agreement reducing the contract price in the amount of $3,900. This represented a prorata portion of the unit price for the unexpired term of the contract as provided therein. Subsequently, there was deleted from the contract, the dining facilities described in another line item of the contract and the contracting officer issued a modification decreasing the contract price by $17,480 as a result thereof. The plaintiff refused to accept this modification and appealed to the Board seeking an equitable adjustment for the deletion of both dining facilities.
"Plaintiffs first challenge to the Board decision is that there is no substantial evidence to support the Board’s findings that after the deletion of the box lunch facility, plaintiffs employees had no further services to perform in connection with the box lunches. From an examination of the record, it is clear that there was sufficient evidence to support this finding, and plaintiff has failed to sustain its *490 burden of showing that the case should be remanded to the Board for an additional hearing on this claim.
"Plaintiffs second and major contention is that the effect of the deletion of the two facilities was to change the place of the delivery or performance and not to decrease the quantity of services to be rendered. In this connection, plaintiff argues that the contract is ambiguous and that the contract provision of an adjustment of $.04 per meal, the amount which plaintiff itself inserted in its bid, should be increased because personnel normally served in the deleted facilities were redirected to the remaining facilities.
"We find there is no merit in this contention. The Board correctly held that the government had the right to delete the facilities; that it properly used the unit price in arriving at the amount of the decrease in the contract cost, and that there was nothing in the contract which entitled plaintiff to an increase in the $.04 per meal adjustment specified in the contract. See Rice v. United States, 192 Ct. Ct. 903, 428 F.2d 1311 (1970).
"it is therefore ordered that plaintiffs motion for summary judgment is denied; defendant’s cross-motion for summary judgment is granted and the petition is hereby dismissed.”